■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAS SUARDY, Appellant.—Judgment of the Supreme Court, New York County (Jay Gold, J., at omnibus suppression hearing; Alfred Kleiman, J., at bench trial and sentence), rendered December 21, 1987, convicting defendant of two counts of robbery in the first degree, two counts of robbery in the second degree, 12 counts of criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 9 to 18 years on the first two counts, 7½ to 15 years on the second two counts and 2 to 4 years on the remaining 13 counts, is unanimously affirmed.

Defendant's conviction, after trial, of the gunpoint robbery of two women, was proven beyond a reasonable doubt. Each of the victims identified defendant at trial and at separate lineups conducted the day after the crime. Each of the victims also recognized several items of personal property that the police recovered from a plastic bag when defendant was arrested. Both victims said that the barrel of the weapon recovered from defendant looked like the one he used in the robbery.

Defendant's motion to suppress his statements and the gun recovered from him was properly denied. At the hearing, the officer said that he saw the butt of a revolver in defendant's hand. As the officer was slowly driving by, defendant hurriedly put the weapon into a leather case. We do not find that the officer's testimony was "manifestly untrue". Credibility is always an issue at a suppression hearing *(People v Smith,* 77 AD2d 544), and this court has not hesitated to reject testimony that has been manifestly tailored to avoid Fourth Amendment objections *(cf., People v Addison,* 116 AD2d 472). However, we find no basis to disturb the hearing court's determination of credibility.

Defendant's statement that a nearby garbage bag belonged to him was also properly not suppressed because the officer's inquiry was not "interrogation", but solely to "clarify the nature of the situation" *(People v Huffman,* 41 NY2d 29, 34). In any event, any error was harmless. The personal property that was found in the plastic bag would have been inevitably discovered. The officer observed defendant looking through the bag when he first spotted defendant.

We are also satisfied that the lineups were not suggestive because the witnesses knew that property had been recovered and that the police had a suspect in custody *(cf., People v Rodriguez,* 64 NY2d 738, 740). Even if the witnesses recognized that the property could be connected to one of the persons exhibited to them, this did not serve to single defendant out from among the standins. Concur—Murphy, P. J., Ross, Rosenberger and Asch, JJ.